[Civ. No. 52795. First Dist., Div. Four. Feb. 25, 1982.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY,
Respondent;
GILBERT WAITLEY, Real Party in Interest.

[Civ. No. 52760. First Dist., Div. Four. Feb. 25, 1982.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
JAMES JORDAN WOJAHN, Real Party in Interest.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, W. Eric Collins and David D. Salmon, Deputy Attorneys·General, for Petitioner.

No appearance for Respondent.

Quin Denvir, State Public Defender, Harriet Wiss Hirsch and Paul D. Fogel, Deputy State Public Defenders, for Real Parties in Interest.

OPINION

**POCHÉ, J.**—These two proceedings present a single question: whether equal protection entitles mentally disordered sex offenders (MDSOs) to a reduction of their maximum term of commitment by conduct credits for precommitment and midcommitment custody. We hold it does not.

FACTS

In each case the defendant, having been found guilty of a sex related crime, was found to be a MDSO amenable to treatment and was committed to Atascadero State Hospital. Near the end of each defendant's term, the People petitioned for a hearing to determine whether the defendant's commitment should be extended pursuant to Welfare and Institutions Code section 6316.2, subdivision (a)(2).[1]

Each defendant challenged the petition as untimely under section 6316.2, subdivision (b).[2] The argument presented was that good conduct credits "earned" in jail prior to and during commitment should be applied to the maximum term of commitment.[3] If such credits were applied, the petitions would not meet the requirement of section 6316.2, subdivision (b) that they be filed "no later than 90 days before the expiration of the original commitment."

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

Section 6316.2, subdivision (a)(2) provides: "(a) A person may be committed beyond the term prescribed by Section 6316.1 only under the procedure set forth in this section and only if such person meets all of the following:

"(1) ... [¶] (2) Suffers from a mental disease, defect, or disorder, and as a result of such mental disease, defect, or disorder, is predisposed to the commission of sexual offenses to such a degree that he presents a substantial danger of bodily harm to others."

[2] Section 6316.2, subdivision (b) provides: "(b) If during a commitment under this part, the Director of Mental Health has good cause to believe that a patient is a person described in subdivision (a), the director may submit such supporting evaluations and case file to the prosecuting attorney who may file a petition for extended commitment in the superior court which issued the original commitment. Such petition shall be filed no later than 90 days before the expiration of the original commitment. Such petition shall state the reasons for the extended commitment, with accompanying affidavits specifying the factual basis for believing that the person meets each of the requirements set forth in subdivision (a)."

[3] In addition to seeking conduct credit for precommitment time, defendant Wojahn argued that conduct credits "earned" in jail during periods when he was returned to superior court pursuant to section 6325, subdivision (b) should also reduce his term of commitment. Defendant Wojahn brought his arguments to the superior court by a petition for writ of habeas corpus. In ruling on the petition on April 23, 1981, in superior court No. 102654, the superior court denied conduct credits for precommitment time. Defendant Wojahn does not contest that denial since the precommitment custody was prior to July 1, 1977. (See *People v. Sage* (1980) 26 Cal.3d 498, 509-510, fn. 7 [165 Cal.Rptr. 280, 611 P.2d 874].) While the superior court granted conduct credits for midcommitment jail time, since the matter of extending defendant Wojahn's MDSO commitment was pending, the court did not order his release by writ of habeas corpus. Release occurred through the granting of defendant Wojahn's motion to dismiss the People's petition for extended commitment in action No. 6195. While defendant Wojahn is no longer pursuing his argument that he is entitled to precommitment conduct credits, his argument as to midcommitment credits presents the same issue as does defendant Waitley's argument as to precommitment time.

In each case, the superior court agreed and dismissed as untimely the petition for extended commitment. The People brought these original proceedings seeking writs of mandamus ordering the respondent superior courts to set aside their orders.

■ Each defendant points out that had he been sentenced to prison he would have received a reduction in his term for good behavior in jail prior to sentencing (Pen. Code, §§ 2930-2932; *People* v. *Sage, supra,* 26 Cal.3d 498) and argues that failure to afford a similar reduction of the state hospital commitment term as an MDSO constitutes a denial of equal protection.

"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549]; italics in orig.)

In *People* v. *Saffell* (1979) 25 Cal.3d 223, 230 [157 Cal.Rptr. 897, 599 P.2d 92], the California Supreme Court held that equal protection does not require that MDSOs receive credit for good conduct *during* their commitment in a state hospital, even though prison inmates are eligible for such credits while in prison. *Saffell* did not address the question before us: whether MDSOs are entitled to good conduct credits earned *prior* to commitment. However, the question was addressed by the Supreme Court in the youthful offender context in *People* v. *Austin* (1981) 30 Cal.3d 155, 166 [178 Cal.Rptr. 312, 636 P.2d 1]. There the court held that a person convicted in a criminal court and sentenced to the Youth Authority is not entitled to have his term reduced by conduct credits calculated for the period of presentence custody. In light of these two cases, there is no escaping the conclusion that MDSOs are not entitled to a reduction of their maximum term of commitment by virtue of conduct credits calculated for the period of presentence custody.

In structuring the MDSO program, the Legislature chose to abandon good conduct credits in favor of exploiting the flexibility of indeterminate commitment procedures. Because a MDSO and his prison counterpart are not similarly situated the state is not obliged under the equal protection clause to make the same methods available to each. Perhaps the most pithy analysis is that contained in *People* v. *Saffell, supra,* at page 234: "Finally, it seems pointless to give an MDSO 'good

time' credit against his medical commitment period because section 6316.2 allows extension of the treatment period if found to be necessary. The concept of 'good time' credit only has meaning within the context of a fixed criminal sentence which may not be so extended."[4]

Let a peremptory writ of mandate issue directing the respondent Superior Court of Santa Cruz County to vacate its order in superior court No. 63205 dismissing the People's petition for extended commitment of Gilbert Waitley.

Let a peremptory writ of mandate issue directing the respondent Superior Court of Marin County to vacate its order in superior court No. 6195 dismissing the People's petition for extended commitment of James Jordan Wojahn and its order of April 23, 1981, granting credits in In re Wojahn, superior court No. 102654.

Rattigan, Acting P. J., and Cook, J.,* concurred.

The petition of real party in interest in No. 52795 for a hearing by the Supreme Court was denied April 22, 1982.

---

[4]A contrary result was reached summarily by the court in *People* v. *Rance* (1980) 106 Cal.App.3d 245, 256 [164 Cal.Rptr. 822]. We decline to follow that determination because (1) it did not consider *People* v. *Saffell, supra,* and (2) it was rendered prior to *People* v. *Austin, supra.*

*Assigned by the Chairperson of the Judicial Council.